UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLA WILLIAMS, on behalf of herself and all others similarly-situated, <br><br> Plaintiff, <br><br> - against - <br><br> THE BETHEL SPRINGVALE NURSING HOME, INC., <br><br> Defendant. | Docket No. 14-cv-09383 (NSR) (JCM) <br><br> ECF Case – Filed Electronically |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTIONS IN LIMINE**

                                      **PECKAR & ABRAMSON, P.C.**
                                      Kevin J. O'Connor, Esq.
                                      Joseph M. Vento, Esq.
                                      1325 Avenue of the Americas, 10th Floor
                                      New York, NY 10019
                                      Tel: (212) 382-0909
                                      Fax: (212) 382-3456

LAW OFFICES
Peckar & Abramson
A Professional Corporation

**PRELIMINARY STATEMENT**

Defendant, The Bethel Springvale Nursing Home, Inc. ("Bethel"), respectfully submits this memorandum of law in support of its motion *in limine* to obtain the following relief:

1. An order precluding Plaintiff, Nicola Williams ("Williams"), or any of the opt-in plaintiffs (collectively, "Plaintiffs"), from testifying or submitting any evidence about alleged conversations with an alleged former supervisor named "Rupa (LNU)" on grounds that: (a) such conversations are inadmissible hearsay; (b) because Plaintiffs failed to identify this purported individual as a witness in pre-trial disclosures, including but not limited to Federal Rule of Civil Procedure 26 Disclosures and Answers to Interrogatories; and (c) because Plaintiffs violated this Court's Individual Practices by failing to provide a detailed listing of such witness and a proffer in advance of the pretrial submission date;

2. Precluding testimony about an alleged February 2014 letter from Williams to the New York State Department of Labor ("NYDOL") complaining about wage and hour issues, and precluding testimony about an alleged letter from Plaintiff to Margie Graham, on grounds that Williams has failed and refused to produce same or, in the alternative if Williams is permitted to testify about these alleged documents which have never been furnished, granting an adverse inference from her failure to maintain and produce same;

3. Precluding Plaintiffs from testifying or submitting any evidence about alleged conversations with other former or current employees of Bethel whom they claim were also not properly paid for overtime hours worked or whom they claim were forced to work through their meal breaks on grounds that such evidence is irrelevant under Federal Rule of Evidence 401 and 403, and constitutes inadmissible hearsay;

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

2

4. Precluding Plaintiffs from proffering the testimony of former supervisor Glen Fischer, in any form, because this witness was never identified by Plaintiffs throughout discovery; and

5. Precluding Plaintiffs from utilizing their new "damages model" disclosed for the first time on Friday, February 23, 2018, on grounds that they ignored their obligations under Fed. R. Civil Procedure 26, failed to amend their interrogatories to incorporate any such "damage model" and on ground that their "damage model" was proffered at the moment without any explanation for how it was arrived at, in derogation of FRE 702.

For the reasons set forth in detail below, the motion should be granted.

## ARGUMENT

### POINT I

### THE COURT SHOULD PRECLUDE HEARSAY TESTIMONY ABOUT ALLEGED COMPLAINTS TO PERSONS NEVER PROPERLY IDENTIFIED IN DISCOVERY

The Court should issue an order precluding Plaintiffs, from testifying or submitting any evidence about alleged conversations with an alleged former supervisor named "Rupa (LNU)" on grounds that: (a) such conversations are inadmissible hearsay; (b) because Plaintiffs failed to identify this purported individual as a witness in pre-trial disclosures, including but not limited to Federal Rule of Civil Procedure 26 Disclosures and Answers to Interrogatories; and (c) because Plaintiffs violated this Court's Individual Practices by failing to provide a detailed listing of such witness and a proffer in advance of the pretrial submission date.

At her deposition, Williams testified about a woman named "Rupa" that she alleged complained to about her working conditions. Williams was unsure of her identity. (*See* Williams' Deposition ("Plf's Dep."), attached to the Declaration of Kevin J. O'Connor

("O'Connor Decl.") as Ex. A, at 34:5-36:17; 46:21-25). Thereafter, Plaintiffs undertook no discovery whatsoever about "Rupa." Moreover, Plaintiffs have never identified any such person in any discovery such as Answers to Interrogatories, amended interrogatories, nor have they listed "Rupa" as a witness such that she could be examined under oath at trial. (O'Connor Decl. ¶ 4).

First, these conversations are inadmissible hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Mundle*, 2016 WL 1071035, at *6 (S.D.N.Y. Mar. 17, 2016); Fed. R. Evid. 801(c). Subject to some exceptions, hearsay evidence is inadmissible. Fed. R. Evid. 802; *United States v. Forrester*, 60 F.3d 52, 59 (2d Cir. 1995). There is no indication that "Rupa" is a management-level employee such that her statements could potentially bind Bethel and qualify as a non-hearsay statement under Federal Rule of Evidence 801(d)(2). Such evidence is blatant, inadmissible hearsay and should be excluded from evidence at trial. Under these circumstances, Plaintiffs should be barred from claiming to have had conversations with anyone named "Rupa" about their working conditions or any alleged failure to pay them overtime.

### POINT II

### THE COURT SHOULD PRECLUDE TESTIMONY ABOUT ALLEGED COMPLAINTS MADE TO THE NYDOL IN FEBRUARY 2014 OR AN ALLEGED LETTER TO MARGIE GRAHAM OF BETHEL GIVEN WILLIAMS' FAILURE AND REFUSAL TO PRODUCE SAME

The Court should enter an order precluding testimony about an alleged February 2014 letter from Williams to the Department of Labor complaining about wage and hour issues, and precluding testimony about an alleged letter from Plaintiff to Margie Graham, on grounds that Williams has failed and refused to produce same or, in the alternative if

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

4

Williams is permitted to testify about these alleged documents that have never been furnished, granting an adverse inference from her failure to maintain and produce same.

Williams testified at deposition that she had written a letter of complaint to a supervisor at Bethel about her working conditions. (Pl's Dep. at 56:23-58:21). She also testified that she had written a February 2014 letter to the Department of Labor complaining about wage and hour issues. (Pl's Dep. at 137:17-144:17). Bethel has followed up on several occasions to have those documents produced, to no avail. (O'Connor Decl., ¶¶ 7-8).

Rule 37 of the Federal Rules of Civil Procedure is designed to prevent a party from benefitting from its failure to comply with its discovery obligations and to prevent that defaulting party from ambushing its adversary with new evidence. *See Fleming v. Verizon N.Y.*, 2006 U.S. Dist. LEXIS 68632, at *7 (S.D.N.Y. 2006); *see also Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000); *Nosal v. Granite Park LLC*, 269 F.R.D. 284, 289 (S.D.N.Y. 2010). Further, testimony that purportedly relates to documents that were improperly withheld from disclosure during discovery should be precluded. *Rojo v. Deutsche Bank*, 2009 U.S. Dist. LEXIS 110848, at *5 (S.D.N.Y 2009).

Since Williams has had over two years to furnish these records but has failed to do so, she should be precluded from seeking to testify about such letters or to come to court with such letters. In the alternative, if she is going to be permitted to so testify, the Court should take an adverse inference from her failure to maintain and produce such records.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

## POINT III

### PLAINTIFFS SHOULD BE PRECLUDED FROM TESTIFYING ABOUT CO-WORKER COMPLAINTS ON WAGE AND HOUR ISSUES

Although this will be a bench trial, preparing for trial will be streamlined if the Court will preclude hearsay statements allegedly made by Plaintiffs' co-workers about their own alleged travails and problems at Bethel.

For instance, at Williams' deposition, she testified that she had heard from two other co-employees who are not parties to this lawsuit or opt-ins, that they, too, were unsatisfied with the manner in which they are paid. (Pl's Dep. at 55:16-56:14). Setting aside the obvious fact that neither person opted into the lawsuit, it is obvious that this constitutes hearsay, and should be precluded. Such information is both irrelevant under Federal Rule of Evidence 401 and 403, and constitutes inadmissible hearsay and should therefore be excluded from admission into evidence.

## POINT IV

### THE COURT SHOULD PRECLUDE PLAINTIFFS FROM CALLING GLEN FISCHER AS A WITNESS

On the Plaintiffs' witness list submitted to Defendant for purposes of preparing the Joint Pretrial Order ("JPTO") was a person who appears on not a single one of Plaintiffs' prior disclosures: Glenn Fischer. Plaintiffs never disclosed this name in Rule 26 Disclosures, original Answers to Interrogatories, and in Amended Interrogatories. (O'Connor Decl., Ex. B, and ¶ 4).

Federal Rule of Civil Procedure 26(a)(1)(A)(i) states that, in general, "a party must, without awaiting a discovery request, provide to the other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable

information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 37(c)(1), meanwhile, provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Rule goes on to state that the Court may supplement or substitute this sanction with any "other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(C). In deciding whether to exclude evidence under Rule 37(c)(1), the Second Circuit considers "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). Further, evidence may be precluded pursuant to Rule 37(c) without the need for a showing of bad faith. *See Estate of Jaquez v. Flores*, 2016 WL 1060841, at *7 (S.D.N.Y. Mar. 17, 2016) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006)).

Plaintiff has provided zero explanation why Glen Fischer, a former employee of Bethel and thus no longer under Bethel's control, was never disclosed during discovery. Plaintiff's failure to do so thus hampered the defense of this matter, as Bethel was unable to prepare its defense in this regard. All discovery deadlines have passed and, under these circumstances, Plaintiffs should be precluded from calling Glen Fischer at trial.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

## POINT V

## PLAINTIFFS' SHOULD BE PRECLUDED FROM INTRODUCING THEIR BELATEDLY PRODUCED DAMAGES CALCULATIONS

Despite Plaintiffs' obligations under Federal Rule 26, their obligations to furnish full and complete answers to interrogatories, and despite Bethel's numerous requests over the course of this over 3.5 year-long litigation for the purported support behind Plaintiffs' pie-in-the-sky damages claims, Plaintiffs never furnished such details in discovery. Rather, at the summary judgment stage, Plaintiffs gave estimates of how much time they worked above 40 hours each week. Indeed, Plaintiffs were asked in interrogatories and at depositions to explain how they reach their inflated damages claims. Only now, in preparing the JPTO, have Plaintiffs produced various "damages models" to support their claims to unpaid wages and overtime. (O'Connor Decl., Ex. E). However, these charts are nothing more than counsel's work product and are inadmissible and should be precluded from admission into evidence. Plaintiffs provide no explanation or supporting documentation behind these charts, and they violate FRE 702.

An exception to the well-known "Best Evidence Rule," Rule 1006 states that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Fed.R.Evid. 1006. However, a "summary must of course be based on foundation testimony connecting it with the underlying evidence summarized ... and must be based upon and fairly represent competent evidence already before the jury...." *Fagiola v. Nat'l Gypsum Co. AC & S.*, 906 F.2d 53, 57 (2d Cir. 1990).

The charts themselves are not evidence under Federal Rule of Evidence 1006, because there is no indication that they are an accurate "summary of records too voluminous

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

to be presented." *See Chisholm v. Sloan-Kettering*, 2011 WL 2015526, at *4 (S.D.N.Y. May 13, 2011). Without any supporting documentation or evidentiary foundation, Plaintiffs' charts are mere conclusory demonstratives that have no place in evidence.

Additionally, the charts are completely incomprehensible, confusing and produced in belated fashion as an attempt to sandbag Bethel in violation of Rule 26 and should be excluded from evidence as per Rule 37(c)(1)(C). Notably, the figures that are included in the overtime hours allegedly worked but unpaid that were included on these charts are completely at odds with the numbers claimed by each of the Plaintiffs in sworn declarations submitted in opposition to Bethel's summary judgment motion. (*See* O'Connor Ex. F, compare with Ex. E). For example, in opposing summary judgment Williams claimed she worked between 6-8 overtime hours per week for which she was not paid. (*See* Williams Decl., Ex. F). However, the charts purport to show that Williams worked far more than that, ***sometimes in excess of 30 hours of overtime in a week***.

Additionally, Nattoo's sworn declaration claims she worked between 9-16 hours per week in unpaid overtime. (*See* Nattoo Decl., Ex. F). Yet, Plaintiffs' charts purport to show that Nattoo worked over 25 hours in overtime in several weeks. Similarly, Roberts-Pryce's declaration claims she averaged 3 hours of unpaid overtime per week (*see* Roberts-Pryce Decl., Ex. F), but the charts appear to show she worked well in excess of 10 hours of overtime in some weeks.

These inconsistencies are simply inexplicable. Bethel has hounded Plaintiffs to prove their entitlement to their astronomical demands for years, to no avail. Only now, on the eve of trial, do Plaintiffs finally come forth with what they claim is proof of their "damages" in a feeble attempt to sandbag Bethel. This conduct is in violation of the discovery rules and should be sanctioned with the charts' preclusion from evidence. Such would also seem to be

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

an invalid attempt to introduce an economist's opinion under FRE 702. The charts should be barred from evidence.

## CONCLUSION

For the foregoing reasons, Bethel respectfully requests that the Court grant an Order precluding the aforementioned materials from admission into evidence at the trial of this matter.

Dated: February 26, 2018

                              **PECKAR & ABRAMSON, P.C.**

                              */s/ Kevin J. O'Connor*

                              By: _____
                              Kevin J. O'Connor, Esq.
                              Joseph M. Vento, Esq.
                              1325 Avenue of the Americas, 10th Floor
                              New York, New York 10019
                              *Attorneys for Defendant*

LAW OFFICES

Peckar & Abramson
A Professional Corporation